Caruthers, J.,
delivered the opinion of the Court.
This suit is brought upon the official bond of John E. Lucky against his sureties, for the failure of Lucky to pay over certain moneys collected by him as an officer for the plaintiff, Burns.
The defence relied upon by the defendants is, that they are not liable, because the election of Lucky was a nullity, and the official bond therefore void, at least as to them as sureties.
The question arises upon this state of facts. A va. caney occurred in the office of constable, in the 1st civil district of DeKalb county, by the resignation of the incumbent, in January, 1855; and on the 26th of that month Lucky was elected to fill the vacancy, and *371 on the 5th of February, 1855, was qualified, and entered into bond, as required by law, in the County Court of that county. On the 1st day of March, 1856, at the general election of county and district officers, he was a candidate for the same office, and succeeded. Under this election, he was again qualified by the County Court, on the 3d day of March, and then entered into the bond, on which this suit is brought, with the present defendants his sureties, for the faithful performance of his duties.
The point made is, that by the constitution his first election was for two years, and so there was no vacancy in the office at his second election, and consequently it was void, and the bond being unauthorized, was a nullity.
To sustain this position we are referred to Keys v. Mason, 3 Sneed, 6-10, where it is decided by this Court, that a justice of the peace elected to fill a vacancy, holds his office and has a right to exercise its func- ■ tions for the constitutional term of • six years, instead of the remaining fraction of the term, as provided by the act of 1835, ch. 1, sec. 15. In the previous case of Brewer v. Davis, 9 Hum., 208, the same principle was settled in reference to a clerk of the Circuit Court. In these cases, as well as that of Clemmens v. Cato, 4 Sneed, 291, the questions arose upon the legality of the official acts of the officers, where there were conflicting claims to the office. But here it is entirely different. Lucky was the legal officer under any construction, as he was successful at both elections. It would not be controverted, that he might have resigned the office and accepted a re-election, at the March election, in 1856. *372 In that case, there could have been no controversy. He had a right to claim the office for two years from his first election, on the principle of the cases cited; but he could surrender it, and upon a successful canvass at the regular election, be entitled to two years from that time. Is it not tantamount to a resignation to become a candidate at the last election, and conform to all the requirements of the law as to taking the oath of office, giving new bond, &c. ? How this would be in case another had been elected, and any contest existed between them for the office, or between others as to their official acts, or where an act performed after the expiration of two years from the first election should come in question, we need not now decide, as this case does not, necessarily, present that difficulty. These sureties cannot be allowed to avoid their bond, voluntarily entered into, upon any such grounds. In any event, it would be good at common law, and they are sued in this common law action for a breach of its-conditions. By our statute, also, a bond good at common law, is likewise a good statutory bond. It is no objection to- it, that it was entered into before the' Court, even if the last election was unnecessary for the- continuation of Lucky in. the office. But it cannot be said that this election was unconstitutional, for at most, it was only unnecessary. There was nothing against public policy, illegal or immoral, in the election or the execution of the bond, by which it would be rendered void. If Lucky submitted to a re-election, and the Court sanctioned it by inducting him anew into the office, and the defendants approved it by signing his official bond, .it is not for them, whatever others might have a right *373 to do, to question the proceeding or escape from the obligations imposed.
The North Carolina case to which we are referred, of The State v. Shirty and others, 1 Iredell, 597, does not, as we think, conflict with this view. There the constable had entered into bond before a single magistrate, out of Court, when the law required it should have been in Court. The Court held, the bond was not taken by the authority authorized by law, to act for the State in that matter, and, therefore, not legally delivered. It is very questionable whether the fact that it was delivered to the County Court and there kept on file, was not an acceptance that would make it binding. But this is a very different case, even if that was correctly decided. Here the bond was taken by the proper authority, and in the proper form.
We think this bond was binding upon the parties, and that the Court erred in holding otherwise, for which the judgment is reversed, and the cause remanded for a new trial.